Greenwald, Pauly
& Miller
A Professional
Corporation

ANDREW S. PAULY (SBN 90145) and
RICHARD G. STOLL (SBN 222442), Members of
GREENWALD, PAULY & MILLER,
A Professional Corporation
1299 Ocean Avenue, Suite 400
Santa Monica, California 90401-1007
Telephone:  (310) 451-8001
Facsimile:   (310) 395-5961
apauly@gpfm.com; rstoll@gpfm.com

Attorneys for Defendant
99 CENTS ONLY STORES LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL RAMIREZ,<br><br>      Plaintiff,<br><br>vs.<br><br>99 CENTS ONLY STORES, LLC, a California Limited Liability Company; and Does 1-10,<br><br>      Defendants. | Case No. 2:15-CV-01366 GW RZx<br><br>**ANSWER OF DEFENDANT 99 CENTS ONLY STORES LLC TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant 99 Cents Only Stores LLC ("99 Cents Only" or "Defendant") responds to the complaint ("Complaint") of plaintiff Emmanuel Ramirez ("Plaintiff") as follows:

1.     In response to paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of that paragraph, and on that basis, denies them.

2.     In response to paragraph 2 of the Complaint, defendant 99 Cents Only Stores LLC admits that it owns certain property located at 1617 Hacienda Boulevard, La Puente, California 91744 and operates a store thereat (hereinafter the "Premises").

3.     In response to paragraph 3 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of that

Greenwald, Pauly
& Miller
A Professional
Corporation

paragraph, and on that basis, denies them.

4. In response to paragraph 4 of the Complaint, Defendant admits that this Court has subject matter jurisdiction over this action.

5. In response to paragraph 5 of the Complaint, Defendant admits that this Court has supplemental jurisdiction over this action.

6. In response to paragraph 6 of the Complaint, Defendant admits that venue is proper.

7. In response to paragraph 7 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of that paragraph, and on that basis, denies them.

8. In response to paragraph 8 of the Complaint, Defendant admits that the Premises is a facility open to the public, a place of public accommodation, and a business establishment.

9. In response to paragraph 9 of the Complaint, Defendant admits that 99 Cents Only provides parking spaces to its customers.

10. In response to paragraph 10 of the Complaint, Defendant denies the allegations therein.

11. In response to paragraph 11 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of that paragraph, and on that basis, denies them. To the extent Plaintiff alleges there was an "inaccessible condition," Defendant denies that allegation.

12. In response to paragraph 12 of the Complaint, Defendant denies the allegations therein.

13. In response to paragraph 13 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of that paragraph, and on that basis, denies them. To the extent Plaintiff alleges violations exist at the Premises, Defendant denies those allegations.

ANSWER TO COMPLAINT

1853579.1 - 89079.493

Greenwald, Pauly
& Miller
A Professional
Corporation

14. In response to paragraph 14 of the Complaint, Defendant denies the allegations therein.

15. In response to paragraph 15 of the Complaint, Defendant denies the allegations therein.

16. In response to paragraph 16 of the Complaint, Defendant denies the allegations therein.

17. In response to paragraph 17 of the Complaint, Defendant incorporates herein by this reference their responses to paragraphs 1 through 16 of the Complaint.

18. In response to paragraph 18 of the Complaint, Defendant respectfully refers the Court to 42 U.S.C. § 12182(a) for the provisions thereof.

19. In response to paragraph 19 of the Complaint, Defendant respectfully refers the Court to § 4.6.2 of the 1991 Standards, and § 502.4 of the 2010 Standards for the provisions thereof.

20. In response to paragraph 20 of the Complaint, Defendant respectfully refers the Court to § 4.6.3 of the 1991 Standards.

21. In response to paragraph 21 of the Complaint, Defendant denies the allegations therein.

22. In response to paragraph 22 of the Complaint, Defendant respectfully refers the Court to 28 C.F.R. § 36.211(a) for the provisions thereof.

23. In response to paragraph 23 of the Complaint, Defendant denies the allegations therein.

24. In response to paragraph 24 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of that paragraph, and on that basis, denies them. To the extent Plaintiff alleges that he "will continue to be discriminated against due to the lack of accessible features," Defendant denies that allegation.

25. In response to paragraph 25 of the Complaint, Defendant incorporates herein by this reference their responses to paragraphs 1 through 24 of the Complaint.

Greenwald, Pauly
& Miller
A Professional
Corporation

26. In response to paragraph 26 of the Complaint, Defendant denies the allegations therein.

27. In response to paragraph 27 of the Complaint, Defendant denies the allegations therein.

28. In response to paragraph 28 of the Complaint, Defendant incorporates herein by this reference its responses to paragraphs 1 through 27 of the Complaint.

29. In response to paragraph 29 of the Complaint, Defendant denies the allegations therein.

30. In response to paragraph 30 of the Complaint, Defendant denies the allegations therein.

31. In response to paragraph 31 of the Complaint, Defendant incorporates herein by this reference its responses to paragraphs 1 through 30 of the Complaint.

32. In response to paragraph 32 of the Complaint, Defendant denies that it breached any duty it owed to Plaintiff under the Americans with Disabilities Act, the Unruh Civil Rights Act, and the California Disabled Persons Act, and/or caused injury or damage to Plaintiff.

FIRST AFFIRMATIVE DEFENSE

(No Future Harm)

1. Plaintiff is not eligible for relief against Defendant because he cannot establish a likelihood of future harm.

SECOND AFFIRMATIVE DEFENSE

(Statutes of Limitations)

2. The Complaint and the various types of relief sought therein are barred by virtue of the applicable Statutes of Limitations.

THIRD AFFIRMATIVE DEFENSE

(No Proximate Causation)

3. Any and all harm allegedly sustained by Plaintiff arising out of the subject matter of the Complaint was not proximately caused by Defendant.

Greenwald, Pauly
& Miller
A Professional
Corporation

## FOURTH AFFIRMATIVE DEFENSE

### (Acts of Others)

4. Any and all harm allegedly sustained by Plaintiff arising out of the subject matter of the Complaint was a result of intentional, knowing, reckless and/or negligent acts and/or omissions of other persons or entities, including Plaintiff, and not a result of any act or omission of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (No Request for Accommodation)

5. Plaintiff failed to request reasonable accommodation of any disability and failed to request that any alleged physical condition of the Premises be modified or altered in any way.

## SIXTH AFFIRMATIVE DEFENSE

### (Removal of Barriers Not Readily Achievable)

6. The removal of alleged barriers to access is not readily achievable.

## SEVENTH AFFIRMATIVE DEFENSE

### (Alterations Infeasible or Impracticable)

7. The Complaint is barred against Defendant to the extent that it seeks to compel Defendant to make any alterations that are technically infeasible or structurally impracticable.

## EIGHTH AFFIRMATIVE DEFENSE

### (Alternate Methods Not Readily Achievable)

8. Defendant's provision of goods, services, privileges, advantages, or accommodations through alternate methods is not readily achievable.

## NINTH AFFIRMATIVE DEFENSE

### (Fundamental Modifications Not Required)

9. The Complaint is barred against Defendant to the extent that it seeks to compel Defendant to make any modifications that would fundamentally alter the nature of Defendant's goods, services, facilities, privileges, advantages or

1853579.1 - 89079.493

accommodations.

## TENTH AFFIRMATIVE DEFENSE
### (Mootness)

10.  The Complaint is barred against Defendant to the extent that it alleges violations of applicable laws, rules or standards that have been cured.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

11.  The Complaint is barred against Defendant by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Control or Responsibility for Barriers)

12.  Defendant lacks control or power over alleged barriers to access or any legal responsibility to cure such barriers, and other persons or entities have such control, power and responsibility.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

13.  Plaintiff's damages, if any, are barred, in whole or in part, to the extent that Plaintiff failed to exercise reasonable care to reduce or mitigate his alleged damages.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.  That Plaintiff take nothing by his Complaint;

2.  For costs of suit incurred herein, including attorneys' fees to the fullest extent permitted by law; and

3.  For such other and further relief as the Court may deem just and proper.

DATED: May 8, 2015.

Respectfully submitted,

GREENWALD, PAULY & MILLER,
A Professional Corporation

ANDREW S. PAULY
RICHARD G. STOLL

/s/ RICHARD G. STOLL
    RICHARD G. STOLL, a Member of
GREENWALD, PAULY & MILLER,
A Professional Corporation,
    Attorneys for Defendant
    99 CENTS ONLY STORES LLC

ANSWER TO COMPLAINT

1853579.1 - 89079.493

Greenwald, Pauly & Miller
A Professional Corporation

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a jury trial on all issues so triable.

DATED: May 8, 2015.

                Respectfully submitted,

                GREENWALD, PAULY & MILLER,
                A Professional Corporation

                ANDREW S. PAULY
                RICHARD G. STOLL


                /s/ RICHARD G. STOLL
                    RICHARD G. STOLL, a Member of
                    GREENWALD, PAULY & MILLER,
                    A Professional Corporation,
                      Attorneys for Defendant
                      99 CENTS ONLY STORES LLC

**CERTIFICATE OF SERVICE**
*Emanuel Ramirez v. 99 Cents Only Stores LLC*
**Case No. 15-CV-01366 GW RZx**

I hereby certify that on May 8, 2015, copies of the foregoing **ANSWER OF DEFENDANT 99 CENTS ONLY STORES LLC TO PLAINTIFF'S COMPLAINT** were filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By: */s/* RICHARD G. STOLL
   RICHARD G. STOLL

Greenwald, Pauly & Miller
A Professional Corporation
1853579.1 - 89079.493